**LEGAL SERVICES NYC | BROOKLYN**

September 27, 2024

<u>VIA ECF</u>
Hon. Hector Gonzalez
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Mendoza-Lebron et al. v. Adams et al.*, Index No. 24-cv-5154 (HG)

Dear Judge Gonzalez:

Plaintiffs submit this letter in response to Defendants' pre-motion letter and pursuant to the Court's September 20, 2024 Order. *See* Docket Entry ("DE") 14. Plaintiffs have properly pled their claims against Defendants and respectfully submit that amendment of the Complaint is not necessary at this time.

**<u>Plaintiffs Adequately Allege a Violation of Their Due Process Rights</u>**

Defendants do not contest that Plaintiffs possess a protected property interest in continued and uninterrupted access to water, an interest Courts have regularly protected under procedural due process. *See, e.g.*, *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11–12 (1978); *see also Gunter v. Long Island Power Auth./Keyspan*, No. 08-cv-498 (RRM) (LB), 2011 WL 1225791, *8 (E.D.N.Y. Feb. 15, 2011). Plaintiffs assert that Defendants sought to cut off water access without constitutionally sufficient notice. That Defendants' actions violated key consumer protection regulations supports this assertion but is not, contrary to Defendants' assertions, the sole basis of Plaintiffs' claims.

Constitutional due process requires that, at a minimum, prior to depriving individuals of a protected property interest—particularly one as vital as access to clean running water—the state must provide notice that is "reasonably calculated, under all the circumstances, to apprise interested parties" of the threatened deprivation and how they may contest such deprivation. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *See also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) (notice and an opportunity for a hearing are essential elements of due process); *Mathews v. Eldridge*, 424 U.S. 319 (1976)

**Demand Justice.**

**Brooklyn Legal Services** | 29 Albany Avenue, 2nd Floor, Brooklyn, NY 11216
Phone: 718-237-5500 | www.LegalServicesNYC.org
**Hon. Betty Staton**, President | **Tanya Wong**, Project Director
**Monica Corrine Moran, Esq.**, Board Chair | **Michael L. Williams**, Vice Chair



(setting forth test for when pre-deprivation notice is required). As set forth amply in the Complaint, the notice Defendants provided gave virtually no information about the existence of, or mechanism for, invoking a complete exemption from water shut-off for people with certain medical conditions. DE 1, at ¶¶ 3, 4, 42, 54, 65, 68–70, 74–75, 100–101, 105–107, 123, 126–133, 145–150, 167–171, 173, 175–176, 204–205, 214–223. Without this vital information, no notice can be considered constitutionally sufficient. *See, e.g.*, *Nnebe v. Daus*, 931 F.3d 66, 88 (2d Cir. 2019) ("Adequate notice must reasonably . . . convey the required information that would permit [someone] to present [their] objections" to a deprivation.) (internal citations omitted). Moreover, contrary to Defendants' assertions, what little "process" was provided proved wholly inadequate and indeed seemed calculated to ensure that *no* eligible individual with medical conditions could adequately invoke the exemption and defend their right to access running water.

The only notice Defendant provided stated "[y]ou may be eligible to stop the water shut off if you have a significant medical condition, are 62 years of age or older, disabled, or have children under 6 years of age living in the household," without meaningful information about the contours of such exemptions or how to apply for them, beyond a simple phone number for customer service. DE 1, at ¶¶ 96, 119, 143, 162, 197. Plaintiffs who called the number were consistently told—inaccurately—that, regardless of their medical condition, the *only* way to avoid a water shut off was to make immediate large lump sum payments and enter into long-term unaffordable payment plans. *Id*. at ¶¶ 106–107, 126–129, 145 –149, 169–173, 200–202. In fact, despite Plaintiffs retaining counsel to try and pursue their entitlement to these exemptions, it was not until Plaintiffs filed suit in federal court that Plaintiffs obtained, via negotiated stipulation, any relief from the relentless threats that their water would be shut off unless they produced unaffordable down payments. *See* DE 15. These allegations amply support an allegation that Defendants failed to provide Plaintiffs constitutionally sufficient process.[1]

**Plaintiffs Adequately Allege a Violation of the City Administrative Procedures Act**

The New York City Department of Environmental Protection ("NYC DEP") unequivocally is an agency within the meaning of New York City Administrative Procedure Act ("CAPA"). *See* New York City Charter, Chapter 45, § 1041 (defining "Agency"), Chapter 57 ("[t]here shall be a department of environmental protection, the head of which shall be the commissioner of environmental protection"). NYC DEP, the only defendant against whom the Plaintiffs assert their CAPA claim, is subject to that statute; Plaintiffs have sufficiently pled a CAPA claim against that agency.

---

[1] Defendants do not seek to dismiss Plaintiffs Mendoza-Lebron and Mendoza's due process claims based on Defendants charging them for water services that were never timely billed or explained, and failing to follow state regulations prohibiting "backbilling" abuses. DE 1 at ¶¶ 84–104, 225–229. Unchallenged, these allegations support an independent due process violation by Defendants.

**Plaintiffs' Americans with Disabilities Act (ADA) Claims are Meritorious**

The ADA claims brought by Plaintiffs Oliphant, Tavarez and Hamlin-McLeod stem from Defendants' failure to provide meaningful access to disability-based protections from water termination in New York State law and DEP's own regulations.[2] Defendants argue that the ADA requires only that "a particular service provided to some not be denied to disabled people . . . Thus, New York cannot have unlawfully discriminated against appellees by denying a benefit that it provides to no one." *See* DE 14 at pp. 2–3. But this action is about deprivation of existing benefits, and under the ADA an agency also may not deprive covered individuals of meaningful access to existing benefits. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 277 (2d Cir. 2003) ("[T]he relevant inquiry asks not whether the benefits available to persons with disabilities and to others are actually equal, but whether those with disabilities are as a practical matter able to access benefits to which they are legally entitled."); *see also Wright v. Giuliani*, 230 F.3d 543, 548 (2d Cir. 2000) ("In a string of recent decisions brought under the disabilities statutes at issue here, this Circuit has also distinguished between (i) making reasonable accommodations to assure access to an existing program and (ii) providing additional or different substantive benefits"). As set forth above, Plaintiffs have adequately alleged that they informed Defendants *repeatedly* of their disabilities and were not informed of an available exemption, and instead were placed under incredible pressure to pay money they did not have, which deprived them of meaningful access to the disability-based exemption. *See* DE 1 at ¶¶ 126–133, 146–150, 164–176.

DEP claims that, because its collection efforts are "addressed to approximately 200,000 customers," they cannot be discriminatory under the Fair Housing Act ("FHA"). *See* DE 14 at p. 3. Since Plaintiffs' ADA and FHA claims overlap, they are interpreted in tandem. *See Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573, n.4 (2d Cir. 2003). Plaintiffs' FHA claims, like their ADA claims, are well pled, as are their claims under the New York State and City Human Rights Law, which Defendants do not challenge.

**Plaintiffs Adequately Allege a Violation of the New York State Constitution**

Plaintiffs do not seek an interpretation of the Environmental Rights Amendment (the "ERA") that "displace[s] New York's . . . environmental regulatory regime," as Defendants assert. *See* DE 14 at p. 3. Hence, the cases that Defendants raise are inapposite. To the contrary, Plaintiffs seek to enforce this New York State Constitutional provision on its terms, ensuring their right to "clean . . . water," a right this clause protects.

For all these reasons, the Complaint adequately pleads the claims asserted therein and amendment to address Defendants' arguments is not required. Plaintiffs respectfully oppose Defendants' request for leave to file a pre-answer motion to dismiss.

---

[2] N.Y. Pub. Serv. Law § 32; 16 NYCRR §§ 14.4(b), 14.5(a), (b), 14.10(a); NYC Water Board Regulation 2 §§ 3.2(c)(vi), 5.1, 5.2.

        Respectfully,

        /s/
        Rachel D. Geballe, Esq.
        Brooklyn Legal Services

Cc:     All counsel via ECF